USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/3/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SAIFUDDIN BIN ABDUL-AZIZ,

Plaintiff,

-against-

HALL, et al.,

Defendants.

**ORDER**

**26-CV-2792 (JAV) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge:**

By way of background, Plaintiff has brought claims of negligence and intentional infliction of emotional distress, along with claims brought under Section 1983, 1985, 1986, 1988, and 12102 asserting that his First and Fourteenth Amendment rights were infringed upon. (ECF No. 1). These claims arise from Defendants' purported removal of Plaintiff's weekly Thursday airtime spot on Channel 56 through the Manhattan Neighborhood Network. *Id*. Defendants filed a motion to dismiss the claims, which has now been fully briefed. Defendants then filed the present request to stay discovery and adjourn the upcoming Initial Case Management Conference *sine die* in light of their pending motion to dismiss.

**Analysis**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a district court may stay discovery upon a showing of "good cause." *Thrower v. Pozzi*, No. 99 Civ. 5871, 2002

WL 91612 at *7 (S.D.N.Y. Jan. 24, 2002); *see also Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). Although a stay is not automatically issued when a motion to dismiss is filed, courts in this district have held "that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" *In re Currency Conversion Fee Antitrust Litigation,* No. MDL 1409, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (*quoting Chrysler Capital Corp. v. Century Power Corp.,* 137 F.R.D. 209, 209–10 (S.D.N.Y. 1991)); *Republic of Turkey*, 316 F. Supp. 3d at 677. Courts also consider the "breadth of discovery sought" and "any prejudice that would result." *See, e.g.*, *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 267 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Brooks v. Macy's, Inc.*, No. 10 Civ. 5304, 2010 WL 5297756, at *1-2 (S.D.N.Y. Dec. 21, 2010)).

I turn first to the strength of Defendants' dispositive motion. Defendants have filed a motion to dismiss Plaintiff's Section 1983 claims on the basis that they are not state actors and not subject to action under several of the statutes that Plaintiff has brought his action. Defendants cite *Manhattan Community Access Corp. v.* Halleck, where the Supreme Court found that the Manhattan Neighborhood Network was not a state actor despite operating public access channels because this operation "is not a traditional, exclusive public function." 587 U.S. 802, 805 (2019); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (noting that a successful Section 1983 claim must have "*both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State . . .' *and* that

'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" (quoting *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982))).

Further, Defendants seek to dismiss Plaintiff's common law tort claims and claims brought under Sections 1985, 1986, 1988, and 12102 by asserting that Plaintiff has failed to state a claim. As to Plaintiff's common law tort claims—intentional infliction of emotional distress and negligence—Defendants argue that the claims should be dismissed for failure to state a claim, asserting that the conduct alleged in the Complaint, the removal of Plaintiff's airtime, does not rise to the level of extreme and outrageous conduct. Defendants further assert that Plaintiff cannot bring an action of negligence as he is bringing claims regarding the *intentional* violation of his civil rights and that Plaintiff does not plead any facts indicating that Defendants owed a duty to Plaintiff that they breached.

For Plaintiff's claims under Sections 1985 and 1986, Defendants assert that Plaintiff has not alleged facts demonstrating a conspiracy, overt act, or any of the other required elements for a successful claim under Section 1985. *Wang v. Miller*, 356 Fed. Appx. 516, 517 (2d Cir. 2009) ("[V]ague allegations of conspiracy . . . are also insufficient to sustain a claim under §§ 1983 and 1985."). Further, insofar as Plaintiff brings a claim under Section 1988 for attorneys' fees sought in a civil rights case, Defendants note that this claim should also be dismissed as pro se litigants are not permitted to be awarded attorneys' fees under this statute. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("The Circuits are in agreement, however, on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees . . . . [W]e are also satisfied that they were correctly decided."). Finally, Defendants raise that Plaintiff's claim under

Section 12102, as it relates to discrimination based on disability, should be dismissed as there is no factual assertion related to disability. Given the strong arguments that Defendants raise in their motion to dismiss, the Court finds that Defendants' motion to dismiss appears to have a strong likelihood of success. Therefore, this factor weighs in favor of staying discovery. *See, e.g.*, *Hong Leong Finance Ltd.*, 297 F.R.D. at 73–74.

I now turn to consider the breadth of discovery and potential prejudice to Plaintiff. Defendants note in their request that granting the stay would prevent the Parties from taking part in burdensome discovery that would consume time and monetary resources. The Court agrees. Further, because this case is in the early stages, a discovery stay will not unduly prejudice Plaintiff. *See, e.g.*, *Sharma v. Open Door NY Home Care Servs, Inc.*, 345 F.R.D. 565, 569 (E.D.N.Y. 2024) (citing the fact that the case was in the early stages as a reason for staying discovery); *Cohen v. Saraya USA, Inc.*, No. 23 Civ. 8079, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) ("[T]his case is still in its early stages—a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken."). Therefore, the final two factors also weigh in favor of staying discovery.

Based on the foregoing reasons, good cause exists warranting the issuance of a stay of discovery pending the outcome of Defendant's anticipated Rule 12(b)(6) motion. The Initial Case Management Conference scheduled for September 10, 2026, is hereby adjourned *sine die*.

**The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 29.**

**SO ORDERED.**

DATED: New York, New York
September 3, 2026

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge